UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DALE HERMAN**, <br><br> Plaintiff, <br><br> vs. <br><br> **AARON HAWKINS C. TOBAR, S. MOHLER, CAPTAIN SNELL, B. SIMMONS, M. MORGAN, ALJ SCHNEIDER, and RICHARD RUSSELL**, <br><br> Defendants. | **2:25-CV-10924-TGB-EAS** <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL** |

## I. Introduction

Michigan prisoner Dale Herman ("Plaintiff"), currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint pursuant to 28 U.S.C. § 1983, concerning events that occurred while he was confined at the Egeler Reception and Guidance Center ("RGC") in Jackson, Michigan in September and October, 2024. ECF No. 1. The Court has granted him leave to proceed without prepayment of the filing fee for this case. ECF No. 6.

In his Complaint, Plaintiff raises claims alleging the excessive use of force by corrections officers, the failure to properly investigate that incident and the denial of due process in related prison disciplinary

proceedings, and the denial of proper cold weather clothing. He names Grievance Coordinator Aaron Hawkins, Corrections Officers C. Tobar and S. Mohler, Captain Snell, Assistant Deputy Warden B. Simmans, Hearing Investigator M. Morgan, an unidentified Resident Unit Manager ("Jane Doe"), Administrative Law Judge Schneider, and Michigan Department of Corrections ("MDOC") Hearing Administrator Richard Russell as the Defendants in this case. Plaintiff sues Aaron Hawkins, C. Tobar, and S. Mohler in their individual capacities and sues the other defendants in their official capacities. He seeks injunctive relief and monetary damages. ECF No. 1.

For the reasons stated herein, the Court concludes that Plaintiff's Complaint is subject to partial summary dismissal.

## II. Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to

2

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

3

*Id.* (quoting *Twombly*, 550 U.S. at 557).

### III. Discussion

To state a civil rights claim under § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333–36 (1986).

Plaintiff's Complaint is subject to summary dismissal in part.

### A. Plaintiff's Claim Regarding Prison Disciplinary Proceedings

First, Plaintiff's claim against M. Morgan, B. Simmans, Schneider, and Richard Russell challenging his prison disciplinary proceedings must be dismissed. To the extent that Plaintiff asserts that M. Morgan failed to properly investigate the excessive force incident (that led to the prison misconduct), he fails to state a claim upon which relief may be granted under § 1983. The failure to investigate or correct another person's alleged constitutional violation "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012)

4

(quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, an official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff thus fails to state a claim upon which relief may be granted against M. Morgan as to such allegations.

Additionally, to the extent that Plaintiff alleges that the prison disciplinary proceedings violated his due process rights under the Fourteenth Amendment, he fails to state a viable claim under § 1983. A prisoner has no liberty interest in remaining free of disciplinary or administrative segregation as such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (30 days in disciplinary segregation did not constitute atypical and significant hardship); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant); *Jones v. Baker*, 155 F.3d 810, 812–13 (6th Cir. 1998) (2½ years in segregation during riot investigation did not deprive prisoner of liberty without due process); *see also Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation does not implicate a

5

liberty interest sufficient to invoke the Due Process Clause). In other words, while the Fourteenth Amendment protects an individual from deprivation of life, liberty or property without due process of law, the "mere fact of discipline or the imposition of sanctions in prison does not automatically trigger due process protections." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995).

Plaintiff does not allege that his disciplinary proceedings resulted in the loss of good time credits. Rather, his Complaint indicates that the only sanction imposed on him was placement in disciplinary segregation for a limited period of time—less than 30 days. Such a sanction does not constitute an "atypical and significant hardship" which triggers due process procedures normally associated with more serious forms of prison discipline, such as the loss of good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 571 n. 19 (1974) ("We do not suggest, however, that the procedures required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges."); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that neither "punishment of more than 60 days of punitive segregation" nor a change in security classification "give rise to a protected Fourteenth Amendment liberty interest"); *Taylor v. St. Louis Corr. Facility*, No. 2:21-CV-10706, 2021 WL 4710760, *2 (E.D. Mich. Oct.

8, 2021) (Cox, J.) (discussing law and summarily dismissing similar claim). Plaintiff thus fails to state a due process claim in his Complaint.

### B. Eleventh Amendment Immunity

Second, the Court finds that Defendants Snell, B. Simmans, M. Morgan, Jane Doe, Schneider, and Richard Russell are entitled to sovereign immunity. The Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Constr., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies, *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir.

7

2000)). Eleventh Amendment immunity applies to State employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

In this case, Plaintiff sues Snell, B. Simmans, M. Morgan, Jane Doe, Schneider, and Richard Russell *solely* in their official capacities. Because those Defendants are state employees, they are entitled to sovereign immunity under the Eleventh Amendment. Furthermore, because Plaintiff sues Snell, B. Simmans, and Jane Doe solely in their official capacities and seeks only monetary damages against them for their alleged failure to provide him with proper cold weather clothing, his claim(s) against those three Defendants must be dismissed.

### C. Plaintiff's Alleged Excessive Force Claim Against Defendants Aaron Hawkins, C. Tobar, and S. Mohler

Lastly, the Court finds that Plaintiff's claim against Aaron Hawkins, C. Tobar, and S. Mohler concerning the alleged use of excessive force against him states a plausible claim for relief under the Eighth Amendment and is not subject to summary dismissal at this time.

### IV. Conclusion

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983

8

concerning the investigation of the excessive force incident and the related prison disciplinary proceedings against M. Morgan, B. Simmans, Schneider, and Richard Russell. Accordingly, the Court **DISMISSES** those claims and Defendants M. Morgan, Schneider, and Richard Russell from this case.

The Court further concludes that Snell, B. Simmans, M. Morgan, Jane Doe, Schneider, and Richard Russell are entitled to Eleventh Amendment immunity. Because Plaintiff sues Snell, B. Simmans, and Jane Doe solely in their official capacities and only seeks monetary damages against them for their alleged failure to provide him with proper cold weather clothing, the Court **DISMISSES** that claim and Defendants Snell, B. Simmans, and Jane Doe from this case.

Lastly, the Court concludes that Plaintiff's claim concerning the use of excessive force by Defendants Aaron Hawkins, C. Tobar, and S. Mohler is not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on this claim, he pleads sufficient facts to state a potential claim for relief at this stage of the proceedings.

**IT IS SO ORDERED**.

                                                 s/Terrence G. Berg
                                                 TERRENCE G. BERG
                                                 United States District Judge

Dated:   May 27, 2025