UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DALE HERMAN<br><br>Plaintiff,<br><br>v.<br><br>AARON HAWKINS, *et al*.,<br><br>Defendants. | Case No. 25-10924<br>Honorable Terrence G. Berg<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND
AND GRANTING DEFENDANTS' MOTION TO STRIKE
(ECF NOS. 29, 32)**

I. **Introduction and Background**

Plaintiff Dale Herman, proceeding pro se and in forma pauperis, sued multiple defendants in this prisoner civil rights action brought under 42 U.S.C. § 1983.  ECF No. 1.  After screening his complaint, the Honorable Terrence G. Berg dismissed all claims except Herman's claims against Defendants Aaron Hawkins, C. Tobar, and S. Mohler stemming from their alleged excessive force.  ECF No. 7.  Judge Berg then referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 15.

1

Herman moves for leave to amend and filed a copy of his proposed amended complaint on the docket, rather than as an exhibit to his motion. ECF No. 29; ECF No. 30.  His proposed amended complaint would assert the same claims against the same defendants, include the same supporting factual allegations, and seek the same relief.  But it seeks claims against all defendants in their individual capacities, while the operative complaint asserts claims against some defendants only in their official capacities. Defendants oppose the motion to amend and move to strike the amended complaint.  ECF No. 31; ECF No. 32.  The Court **DENIES** Herman's motion to amend as futile and **STRIKES** the amended complaint Herman filed on the docket.

## II.    Analysis

### A.

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given "when justice so requires."  But a motion to amend a pleading should be denied if the claims are futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal,* 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

**B.**

Judge Berg dismissed Herman's claim about prison disciplinary proceedings that he asserted in his original complaint against Defendants M. Morgan, B. Simmans, Schneider, and Richard Russell. ECF No. 7, PageID.32. Judge Berg first explained that Herman failed to plausibly allege that Morgan failed to properly investigate the incident giving rise to the excessive force claim:

> The failure to investigate or correct another person's alleged constitutional violation "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, an official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff thus fails to state a claim upon which relief may be granted against M. Morgan as to such allegations.

*Id*., PageID.32-33.  Herman's failure-to-investigate claim against Morgan would not become viable if he were sued in his individual capacity.

Judge Berg also concluded that Herman stated no plausible claim that the disciplinary proceedings violated his due process rights under the Fourteenth Amendment.  *Id.* PageID.33-35.  Judge Berg reasoned that a "prisoner has no liberty interest in remaining free of disciplinary or administrative segregation as such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Id.,* PageID.33 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  So "while the Fourteenth Amendment protects an individual from deprivation of life, liberty or property without due process of law, the 'mere fact of discipline or the imposition of sanctions in prison does not automatically trigger due process protections.'"  *Id*. (quoting *Williams v.*

*Bass*, 63 F.3d 483, 485 (6th Cir. 1995)).  Judge Berg found that Herman stated no due process because he "does not allege that his disciplinary proceedings resulted in the loss of good time credits," and because his only alleged sanction was placement in segregation for less than 30 days.  *Id*., PageID.34-35.

Though Herman now seeks to sue defendants in their individual capacities, his due process claim remains not viable.

### C.

In his proposed amended pleading, Herman wishes to reinstate his Eighth Amendment claim against defendants Snell, Simmans, and Doe arising out their alleged failure to provide Herman with adequate clothing.  ECF No. 30, PageID.172.  Judge Berg dismissed that claim because those defendants were entitled to Eleventh Amendment immunity when sued in their official capacities.  ECF No. 7, PageID.36.  Herman now seeks to assert the same claim against these three defendants in their individual capacities based on the same supporting facts.  ECF No. 30, PageID.172.  Judge Berg did not address whether Herman's Eighth Amendment claim against Snell, Simmans, or Doe would be viable absent immunity.  *Id*.  The Court finds that the Eighth Amendment claim in Herman's proposed amended complaint is not plausible.

The Eighth Amendment protects against the infliction of "cruel and unusual punishments" that involve "the unnecessary and wanton infliction of pain." U.S. Const. amend. VIII; *Estelle v Gamble*, 429 U.S. 97, 103 (1976) (cleaned up). So prison officials must "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (cleaned up). But "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment*." Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Eighth Amendment prohibits only "extreme deprivations" that deny prisoners "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992) (cleaned up).

A prisoner who is forced to be outside in the winter months may have a viable Eighth Amendment claim because, with freezing temperatures, "[e]xposure to Michigan winters without adequate clothing can inflict pain." *Knop v. Johnson*, 977 F.2d 996, 1012-13 (6th Cir. 1992). "But courts must consider the duration of the exposure to the cold temperatures and the totality of the conditions when determining whether a constitutional violation has occurred." *Lathan v. Rutter*, 3:21-CV-42, 2021 WL 2315125, at *6

6

(N.D. Ohio June 7, 2021) (citing *Spencer v. Bouchard*, 449 F.3d 721, 728-29 (6th Cir. 2006)).  And "denial of winter clothing, absent some showing of injury, does not constitute deliberate indifference." *Id.* (collecting cases).

Herman alleges that, when he arrived at RGC in September 2024, he received only socks, underwear, and the regular "state blue" shirts and pants.  ECF No. 30, PageID.168.  He received no undershirts, thermal tops or bottoms, or a jacket.  *Id*.  Herman claimed that he was outside for "medline" for about 30 minutes every morning and evening from September 10, 2024 to October 7, 2024 without proper clothing.  *Id*., PageID.169.  But he describes neither freezing temperatures during that period nor any injuries.  Thus, Herman's proposed amended pleading fails to state a plausible Eighth Amendment claim.

### III.   Conclusion

The Court **DENIES** Herman's motion for leave to file an amended complaint (ECF No. 29); **GRANTS** defendants' motion to strike (ECF No. 32); and **STRIKES** the amended complaint (ECF No. 30).  As found by Judge Berg, Herman's only remaining claim, as set forth in the original complaint (ECF No. 1), concerns the use of excessive force by Hawkins, Tobar, and Mohler.  *See* ECF No. 7, PageID.37.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: December 18, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

s/Davon Allen  
DAVON ALLEN  
Case Manager