UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DALE HERMAN,<br><br>     Plaintiff,<br><br>v.<br><br>AARON HAWKINS, *et al*.,<br><br>     Defendants. | Case No. 25-10924<br>Honorable Terrence G. Berg<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL, AND ORDERING
DEFENSE COUNSEL TO SHOW CAUSE IN WRITING
WHY SHE SHOULD NOT BE SANCTIONED
UNDER FEDERAL RULE OF CIVIL PROCEDURE
26(g) (ECF NO. 53)**

**A.**

Plaintiff Dale Herman, a pro se prisoner, filed this civil rights action under 42 U.S.C. § 1983.  ECF No. 1.  After screening the complaint and entering a stipulated order to dismiss a defendant, the Honorable Terrence G. Berg dismissed all claims except Herman's claims against Defendants Aaron Hawkins and S. Mohler stemming from their alleged excessive force.  ECF No. 7; ECF No. 57.  Judge Berg referred the matter to the

undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 15.

Herman claims in his complaint that on October 8, 2024, a cold day, he was forced to wait outside in the "medline" wearing only a t-shirt and pants to get his medication.  ECF No. 1, PageID.2-3.  He says that prison officials gave him no jacket, undershirts, or thermal wear when he arrived at the prison a month earlier.  *Id*.  After over a half-hour of waiting in the cold, Herman entered the building and tried to explain to Mohler why he "cut" the line, but Hawkins started yelling at Herman.  *Id*., PageID.3.

When Herman asked to speak to a sergeant, Mohler said that the sergeant was in the "chow hall," so Herman turned to leave.  *Id*.  After exiting the building, the three officers grabbed Herman from behind and tackled him to the ground.  *Id.*  With Herman "face down on the ground with hands behind his back, defendant Hawkins allegedly sat on his upper back and neck" while Mohler placed handcuffs on him.  *Id*., PageID.3-4.  Herman alleges that the assault caused him a back injury as well as many bruises and abrasions, and that he had to be treated at the Duane Waters Hospital emergency department.  *Id.*, PageID.4.

Hawkins issued Herman a misconduct ticket, describing the violation as Herman "yelling at staff that he would not wait outside for the medication

line as it was cold," refusing an order to go back outside, and making

"veiled threats."  ECF No. 24-3, PageID.133, 136-137.  Hawkins wrote that

he warned that he planned to restrain Herman, after which Herman turned

to leave the building.  *Id*.  So Hawkins and Mohler stepped outside, placed

Herman in restraints, and then put him in segregation.  *Id.*

Herman moves to compel defendants to produce documents and

recordings over defendants' allegedly boilerplate objections.[1]  Before

addressing Herman's document requests and defendants' answers, the

Court will summarize some discovery rules.

**B.**

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense," except that the Court must consider proportionality

factors, including "the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery

---

[1] Herman attaches three requests for admission under Federal Rule of Civil
Procedure 36 to which defendants objected.  ECF No. 53, PageID.348-349.
But he does not address those requests or objections in his motion.  *Id*.,
PageID.316-320.

outweighs its likely benefit."  After the enactment of the 2015 amendments to Rule 26(b)(1), parties should not use the language of earlier versions of the rule or rely on opinions that interpreted the now-outdated language. *Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 859 (E.D. Mich. 2017).

A party requesting documents must describe each request with reasonable particularity.  Fed. R. Civ. P. 34(b)(1)(A).  A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive."  *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018).  Courts have long condemned omnibus "any and all" document requests.  *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-388 (2004) (document requests asking "for everything under the sky" were "anything but appropriate"); *Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich. Aug. 21, 2020) (finding that the defendant's exceptionally broad discovery requests violated Fed. R. Civ. P. 26(g)).

The rules also require objections to interrogatories and requests for production of documents to be made with specificity.  Fed. R. Civ. P. 33(b)(4) & 34(b)(2).  The responding party is also warned, "Boilerplate objections are legally meaningless and amount to a waiver of an objection."

4

*Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018).

**C.**

The Court begins its analysis by noting that, with one exception, defendants objected that Herman's document requests were "not reasonably calculated to lead to the discovery of admissible evidence." ECF No. 53, PageID.327-357.  As noted, the 2015 amendment to Rule 26(b)(1) removed the "reasonably calculated" language.  Defendants' response brief cites the same defunct scope of discovery and case law that interpreted that standard.  ECF No. 56, PageID.374-375.  Defense counsel's reliance on a scope of discovery that has been *outdated for more than ten years* is unacceptable.

That said, when arguing that defendants' objections were boilerplate, Herman put the cart before the horse.  Herman has the initial burden of showing that his document requests were stated with reasonable particularity, that they are relevant to a claim or defense, and that they are proportional to the needs of the case.  *See Fitzgerald Truck Parts & Sales, LLC v. United States*, No. 23-50238, 2023 WL 2784858, at *4 (E.D. Mich. Apr. 5, 2023) (stating that movant put the cart before the horse by focusing on the responding party's objections rather than addressing its "initial

5

burden of showing that the specific requests were relevant to the claims or defenses"); Rule 26(b)(1); Rule 34(b)(1)(A) (requiring each request for production to "describe with reasonable particularity" each request).

Herman asserts that his requests are highly relevant, but he does not address whether they are proportional to the needs of the case. *Weidman v. Ford Motor Co.,* No. CV 18-12719, 2021 WL 2349400, at *3 (E.D. Mich. June 9, 2021) (denying motion to compel when plaintiffs argued that discovery was highly relevant but failed to show that requested discovery was proportional to the needs of the case). And many of Herman's document requests have minimal to no relevance to a claim or defense. For example, Herman requested: "Employee duty roster from 10/8/2024"; "State the names, titles, and duties of all staff members at RGC on the Security Classification Counsel. If those duties are set forth in any job description, policy directive, or other document produce"; "Any logs, lists, or other documentation reflecting grievances filed by RGC inmates from 9/11/24 to the date of your response"; and "Any and all monthly reports on grievances at RGC from October 2024 to the date of the response." ECF No. 53, PageID.328-357.

The minimal relevance that some of those requests may hold does not justify Herman's omnibus "any and all" document requests. *See*

*Cheney*, 542 U.S. at 387-388; *Effyis,* 2020 WL 4915559, at *2.  "While some subset of the documents sought in this request are likely relevant to this case, all of them are not."  *Design Basics, LLC v. DJW & Assocs. of Michigan, Inc.*, No. 17-12272, 2019 WL 7584399, at *2 (E.D. Mich. Aug. 6, 2019).

And Herman disregards defendants' objections to some requests that requested discovery is not within their "possession, custody, or control," as required by Rule 34(a)(1).  "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand."  *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (cleaned up, emphasis in original); *see also Equal Emp. Opportunity Comm'n v. Gypsum Express, L.T.D.*, 345 F.R.D. 442, 451 (E.D. Ky. 2024) (same).  Corrections officers generally do not have possession, custody, or control over prison surveillance video or still photos.  *See Adkins v. Wolever*, 692 F.3d 499 (6th Cir. 2012); *Henry v. Mihm*, ___ F. Supp. 3d ___, 2026 WL 622851, at *5 (E.D. Mich. Mar. 5, 2026).  Herman also fails to show that defendants have the right to demand his prisoner file or records from Duane Waters Hospital.  His avenue for obtaining evidence beyond defendants' possession, custody, or control

7

would be a third-party subpoena served on the MDOC and the hospital. Fed. R. Civ. P. 45.

Finally, the Court agrees that some documents Herman requests would pose security concerns.  "Prison officials generally enjoy deference over penological decisions about safety and security within a prison." *Peterson v. Corby*, 347 F.R.D. 192, 196 (E.D. Mich. 2024).  Herman requests "the procedure in effect during October 2024 at RGC for apprehending a fleeing prisoner"; and "Any and all policies, directives, or instructions to staff concerning the use of force by RGC staff."  ECF No. 53, PageID.331, 334.  The Court will not compel defendants to produce those documents because of MDOC's security concerns, and because prison policies are of minimal relevance to the question of whether defendants used excessive force under Eighth Amendment jurisprudence.  *Peterson*, 347 F.R.D. at 196 ("MDOC policies are of too little relevance to Peterson's excessive force claim for this Court to compel their production.").

But the Court notes that defendants failed to move for a protective order under Rule 26(c)(1).  *See Peterson*, 347 F.R.D. at 196 ("To address Corby's concerns about the disclosing the policies and procedures, he should have, but did not, move[] for a protective order under Rule 26(c)(1), specifying facts showing a clearly defined or serious injury resulting from

8

disclosing the policies.").  And defendants made several objections based on security concerns that lack merit or that could have been addressed with redactions.  ECF No. 53, PageID.328, 333, 336, 343, 352-354 (employee disciplinary, personnel, investigation, witness statements, use of force, misconduct hearing, and grievance reports and records); PageID. 329, 354 (list of prisoners in the Medline the morning of incident); PageID. 327, 343, 355 (videos and still photos of the incident at issue and Herman's injuries); and PageID.344 (Herman's prisoner file).

True, defendants made valid objections to some of these requests, but their overuse of the "safety and security" objection evidences a transparent effort to exploit the Court's usual deference over penological decisions involving security.  Defendants overused that objection despite the Court's warning about that and other stonewalling tactics two years ago.  *Peterson*, 347 F.R.D. at 195-196.  Ignoring that warning, defense counsel LeAnne Dao violated Rule 26(g) by making frivolous objections to evade the production of basic discovery.

**D.**

Under Rule 26(g), "every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name" to certify that to the best of the attorney's "knowledge, information,

9

and belief formed after a reasonable inquiry," the responses were complete, correct at the time made, consistent with the law, and nonfrivolous.  "The term 'response' includes answers to interrogatories and to requests to admit as well as responses to production requests."  Fed. R. Civ. P. 26 Advisory Committee Notes (1983 Amendment).

An objective standard, the "duty of 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances."  *Id.*  Rule 26(g) "requires a court to impose sanctions for any violation without 'substantial justification.'"  *Jones v. Ill. Cent. R. Co.*, 617 F.3d 843, 854 (6th Cir. 2010). "If a certification violates this rule without substantial justification, the court, on motion or on its own, *must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both."  Rule 26(g)(3) (emphasis added).

In *Peterson*, "the Court warn[ed] attorneys from the Michigan Department of Attorney General, Corrections Division, that it will begin imposing appropriate sanctions under Rule 26(g) when counsel signs discovery responses that violate that rule."  347 F.R.D. at 197.  The time has come to follow through on that warning.

10

First, as noted, Dao signed the responses to the requests for production of documents that include many specious objections based on safety and security concerns.

Second, on behalf of defendants, Dao repeatedly "reserve[d] the right to seek reimbursement of $.25 per page for any documents produced." ECF No. 53, PageID.328-329, 331, 335-337, 344-345, 352-353, 355, 357. But Dao must know that defendants have no right to reimbursement. *See Laethem Equip. Co. v. Deere & Co.*, 261 F.R.D. 127, 145 (E.D. Mich. 2009) ("Under the discovery rules, 'the presumption is that the responding party must bear the expense of complying with discovery requests.'" (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)); *Cahoo v. SAS Inst. Inc.*, 377 F. Supp. 3d 769, 776 (E.D. Mich. 2019) ("Absent a protective order, it generally falls to the party producing discovery to bear the costs of production."). This Court rejected an MDOC officer's demand for payment of $.25 before producing discovery two years ago in *Peterson*. 347 F.R.D. at 197. But Corrections Division attorneys continue to mislead prisoners by claiming the right to charge them for discovery in civil litigation, which may dissuade some prisoners for seeking relevant discovery.

Third, in response to Herman's motion, Dao did not support defendants' objection that their disciplinary records are not discoverable

11

because they are "protected pursuant to the Corrections Act and exempted

from public disclosure by statute."  ECF No. 53, PageID.328.  Under

Michigan law, the personnel records of corrections employees "are exempt

from disclosure under the freedom of information act."  Mich. Comp. Laws

§ 791.230a.  But disciplinary records of officers sued for alleged

misconduct are discoverable in a civil lawsuit under Rule 26(b)(1).  *Sanford*

*v. City of Detroit*, 355 F. Supp. 3d 619, 622 (E.D. Mich. 2019); *Schuh v.*

*Clayton*, No. 20-10468, 2021 WL 3489695, at *7 (E.D. Mich. Aug. 9, 2021);

*Linden v. City of Detroit*, No. 2:19-CV-13684, 2021 WL 2525438, at *2

(E.D. Mich. June 21, 2021).  The false claim that those documents are

exempt from public disclosure violated Rule 26(g).

Dao also falsely claimed that documents related to their use of force

against plaintiff on October 8, 2024, are protected by the "Corrections Act

and excepted from public disclosure by statute."  ECF No. 53, PageID.336.

On defendants' behalf, she additionally objected that disclosing those

records would pose a security concern and were confidential; that

defendants are not the keeper of those records and would be unaware of

them; and that the request for those records is vague.  *Id*.  Dao then

objected that defendants were not the keeper of records of the hearing

investigation packet related to charges of misconduct against Herman on

12

the date of the incident at issue and would not have access to witness statements; that prisoners may not possess those documents for safety and security concerns; and that the request for those records was vague. *Id.*, PageID.343, 354.

Despite Dao's many excuses for withholding the requested records, misconduct, use of force, and other investigatory reports are routinely produced in prisoner lawsuits against prison officials. *See, e.g.*, *Ingram v. Zamenski*, No. CV 22-10434, 2023 WL 2623152, at *2 (E.D. Mich. Mar. 7, 2023), *adopted,* 2023 WL 2619047 (E.D. Mich. Mar. 22, 2023); *Black v. Mich. Dep't of Corr.*, No. 2:10-CV-11211, 2012 WL 994768, at *4 (E.D. Mich. Feb. 29, 2012), *adopted,* 2012 WL 987781 (E.D. Mich. Mar. 23, 2012); *Annabel v. Jackson Cnty. Sheriff Dep't*, No. 2:22-CV-12189, 2025 WL 2946985, at *5 (E.D. Mich. Sept. 2, 2025), *adopted,* 2025 WL 2754162 (E.D. Mich. Sept. 26, 2025). In *Peterson*, the defendant corrections officer made no objection to producing misconduct reports (although he improperly conditioned the production on the plaintiff paying $.25 per page). 347 F.R.D. at 197.

In fact, Corrections Division attorneys do not hesitate to provide misconduct records to support motions for dispositive relief in support of prison officials. *See., e.g.*, *Wilson v. Homer*, No. 2:22-CV-70, 2024 WL

1774074, at *1 (W.D. Mich. Feb. 26, 2024), *adopted,* 2024 WL 1758636 (W.D. Mich. Apr. 24, 2024) ("There are no genuine issues of material fact; the grievance and misconduct records provided by Defendants establish that Wilson did not properly exhaust his retaliation claims against Maki or Smith through the grievance or misconduct hearing processes.").  Dao does not bother to explain why she objected to producing the relevant misconduct reports here; she does not mention them at all in response to Herman's motion.  ECF No. 56.

The Court can only conclude that Dao's objections to producing these reports and records are intended to obstruct Herman's discovery rights.

**E.**

"Discovery is the lifeblood of litigation and, as such, it 'must be initiated and responded to responsibly, in accordance with the letter and spirit of the discovery rules, to achieve a proper purpose (*i.e.*, not to harass, unnecessarily delay, or impose needless expense).'"  *Siser N. Am.*, 325 F.R.D. at 202 (quoting *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 360 (D. Md. 2008) (citing Fed. R. Civ. P. 26(g)).  Dao here has contrived objections to evade defendants' obligations to produce the most pertinent records for the claims and defenses here.  She is not alone.  Too many attorneys from the Michigan Department of Attorney General,

14

Corrections Division representing prison officials have engaged in a pattern of evasion that reflects a profound disregard for their discovery obligations. That disregard unnecessarily delays resolution of the litigation.  And judges in this district must waste valuable time addressing motions to compel basic discovery over defendants' frivolous and contrived objections.  *See In re McDonald,* 489 U.S. 180, 184-185 (1989) ("Every paper filed with the Clerk of this Court…requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.").

Dao's failure to produce basic discovery, such as the investigation, misconduct, and use-of-force reports, greatly disadvantages pro se prisoners who lack the funds to depose prison officials to learn their accounts of the relevant events.  Given the minimal burden in producing these routine reports, the Court finds that Dao contrived objections to gain a tactical advantage.

As noted, "[a] court must impose 'an appropriate sanction' should an attorney violate Rule 26(g) without 'substantial justification.'"  *Little Hocking Water Assn., Inc. v. E.I. du Pont de Nemours & Co.*, 94 F. Supp. 3d 893, 901 (S.D. Ohio 2015) (quoting Fed. R. Civ. P. 26(g)(3); *Jones v. Illinois*

15

*Cent. R. Co.*, 617 F.3d 843, 854 (6th Cir. 2010)).  Rule 26(g) is designed to

deter discovery abuses.

> Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37.  In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions.  The subdivision provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection.  The term "response" includes answers to interrogatories and to requests to admit as well as responses to production requests.

Rule 26 Advisory Committee Notes (1983 Amendment).

In most civil litigation, courts deter violations of Rule 26(g) by ordering

the offending party or attorney to reimburse the opposing party for his

attorney's fees and costs caused by the violation.  *See, e.g.*, *Jones,* 617

F.3d at 854; *Siser N. Am.*, 325 F.R.D. at 208.  But pro se prisoners have no

attorney's fees and nominal costs, so counsel for prison officials have faced

little deterrence from engaging in discovery abuses.  *Peterson*, 347 F.R.D.

at 197.  So two years ago, this Court warned that it would begin imposing

appropriate sanctions on attorneys from the Corrections Division.  *Id*.  Still,

the discovery abuses continue unabated.

Thus, to motivate Corrections Division attorneys to take their

discovery obligations seriously, and to deter evasive tactics, the Court will

16

now impose fines payable to the clerk on Corrections Division attorneys who plainly violate Rule 26(g), as Dao did here. *See Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 286 (E.D.N.Y. 2009) (ordering attorneys to pay $10,000 fine because they engaged in "hide-the-ball discovery gamesmanship" in violation of Rule 26(g)); *Jones v. Zimmer*, No. 2:12-CV-01578-JAD, 2014 WL 6772916, at *8 (D. Nev. Dec. 2, 2014) (ordering defense counsel in prisoner civil rights case to show cause in writing why she should not be fined up to $2,000 for violating Rule 26(g)).

The Court will also impose fines against Corrections Division attorneys under Federal Rule of Civil Procedure 37(b) when that provision applies. *Supranovich v. Julio*, No. 2:24-CV-00979-JAD-NJK, 2026 WL 1257025, at *5 (D. Nev. May 6, 2026) (imposing fine of $500 against the Nevada Attorney General's Office after rejecting the office's argument, "in effect, that its attorneys are insulated from any meaningful repercussion for violating the Court's orders in such cases so long as their violation is not 'intentional' and so long as they eventually comply, no matter how egregious the carelessness and no matter how belated the compliance").

### F.

For the reasons stated, defendants are **ORDERED** to produce (1) copies of their disciplinary records, but with redactions of personal

17

identifying information and excluding documents about unsubstantiated allegations of misconduct that did not involve alleged excessive force[2]; and (2) all documents prepared in connection with any investigation into defendants' use of force against Herman on October 8, 2024, and the misconduct allegations against him from the same date, including any witness statements.  Defendants must also identify all witnesses of the incident on October 8, 2024, that they know of or who can be identified from documents within their possession, custody, or control.  This production must be completed by **July 21, 2026**.

By the same date, **July 21**, Dao must also **SHOW CAUSE IN WRITING** why she should not be fined under Rule 26(g).  Her submission must include an affidavit or declaration signed under penalty of perjury that she has distributed this order to all Corrections Division attorneys.  Failure to comply with this order will result in greater sanctions.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 7, 2026

---

[2] *See Sanford*, 355 F. Supp. 3d at 622; *Schuh*, 2021 WL 3489695, at *7; *Linden*, 2021 WL 2525438, at *2.

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager
