UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DALE HERMAN,<br><br>Plaintiff,<br><br>v.<br><br>AARON HAWKINS, *et al.*,<br><br>Defendants. | Case No. 25-10924<br>Honorable Terrence G. Berg<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER FINING DEFENSE COUNSEL FOR VIOLATING FEDERAL RULE OF CIVIL PROCEDURE 26(G) (ECF NO. 51)**

## I. Introduction

Plaintiff Dale Herman, a pro se prisoner, filed this civil rights action under 42 U.S.C. § 1983. ECF No. 1. After screening his complaint, the Honorable Terrence G. Berg dismissed all claims except those against Defendants Aaron Hawkins, C. Tobar, and S. Mohler stemming from their alleged excessive force. ECF No. 7. Judge Berg then referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).

In July 2026, the Court ordered defense counsel LeAnne Dao to show cause why she should not be sanctioned under Federal Rule of Civil

Procedure 26(g) for her evasive and frivolous objections to Herman's requests for production of documents. ECF No. 59. For the reasons below, Dao's response to the show cause order convinces the Court that she should be fined $500.00 for her evasive objections and continued evasions in her response brief.

## II. Analysis

### A.

Under Rule 26(g), "every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name" to certify that to the best of the attorney's "knowledge, information, and belief formed after a reasonable inquiry," the responses were complete, correct at the time made, consistent with the law, and nonfrivolous. "The term 'response' includes answers to interrogatories and to requests to admit as well as responses to production requests." Fed. R. Civ. P. 26 Advisory Committee Notes (1983 Amendment).

An objective standard, the "duty of 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.* Rule 26(g) "requires a court to impose sanctions for any violation without 'substantial justification.'" *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 854 (6th Cir.

2010). "If a certification violates this rule without substantial justification, the court, on motion or on its own, *must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Rule 26(g)(3) (emphasis added).

As noted in the show cause order, Rule 26(g) is designed to deter discovery abuses.

> Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. The subdivision provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection.

Rule 26 Advisory Committee Notes (1983 Amendment).

In most civil litigation, courts deter violations of Rule 26(g) by ordering the offending party or attorney to reimburse the opposing party for his attorney's fees and costs caused by the violation. *See, e.g.*, *Jones,* 617 F.3d at 854; *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 208 (E.D. Mich. 2018). But pro se prisoners have no attorney's fees and nominal costs, so counsel for prison officials have faced little deterrence from engaging in discovery abuses. *Peterson v. Corby*, 347 F.R.D. 192, 197 (E.D. Mich. 2024). Thus, two years ago, this Court warned that it would

begin imposing appropriate sanctions on attorneys from the Michigan Department of Attorney General, Corrections Division. *Id*. Still, the discovery abuses continue unabated.

Too many Corrections Division attorneys have continued to engage in a pattern of evasion that reflects a profound disregard for their discovery obligations. That disregard unnecessarily delays resolution of the litigation. And judges in this district must waste valuable time addressing motions to compel basic discovery over defendants' frivolous and contrived objections. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) ("Every paper filed with the Clerk of this Court…requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."). Worse still, Corrections Division attorneys who fail to produce basic discovery, such as the investigation, misconduct, and use-of-force reports, greatly disadvantage pro se prisoners who lack the funds to depose prison officials to learn their accounts of the relevant events.

After reviewing Dao's evasive objections to Herman's discovery requests, the Court announced in its July 2026 show cause order that it would begin imposing fines payable to the Clerk of Court on attorneys Corrections Division attorneys who plainly violate Rule 26(g). ECF No. 59,

PageID.405-406; *Herman v. Hawkins*, ___ F. Supp. 3d___, 2026 WL 1963031, at *6 (E.D. Mich. July 7, 2026) (citing *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 286 (E.D.N.Y. 2009) (ordering attorneys to pay $10,000 fine because they engaged in "hide-the-ball discovery gamesmanship" in violation of Rule 26(g))); *Jones v. Zimmer*, No. 2:12-CV-01578-JAD, 2014 WL 6772916, at *8 (D. Nev. Dec. 2, 2014) (ordering defense counsel in prisoner civil rights case to show cause in writing why she should not be fined up to $2,000 for violating Rule 26(g)).

In Dao's response to the show cause order, she did not show substantial justification for her patently frivolous objections that violated Rule 26(g). ECF No. 62. As described below, rather than accepting responsibility for her evasive objections, Dao selectively focused on objections that she believed she could defend while leaving unaddressed other objections that prompted the Court's show cause order. *Id*.

**B.**

In her response, Dao first defends her overuse of objections based on safety and security, stating that she was "considering the need to protect the safety of Defendants, as well as other staff." *Id*., PageID.566. But Dao does not address her failure to move for a protective order under Federal Rule of Civil Procedure 26(c)(1), as outlined in the order to show

cause. ECF No. 59, PageID.397-398. Dao had no right to unilaterally decide that documents should be protected from disclosure. *See Peterson*, 347 F.R.D. at 196.

And some of Dao's safety-and-security objections were patently frivolous, as described in the show cause order. ECF No. 398, PageID.398. For example, she made baseless safety-and-security objections to producing documents that were directly related to the incident here, including investigation and use-of-force reports, and witness statements. *Id.* Should those documents include personal information, "any concerns regarding inclusion of such information can be addressed through appropriate redactions." *Onumonu v. Mich. Dep't of Corr.*, No. 1:20-CV-816, 2022 WL 22861292, at *2 (W.D. Mich. Aug. 26, 2022) (citing *Gibbs v. City of New York*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) ("Privacy concerns can be alleviated by an appropriate protective order and the redaction of personal information (like the officers' addresses and social security numbers) from the reports.")). Dao cited safety-and-security to justify using a sledgehammer, when a scalpel would have addressed defendants' legitimate concerns.

**D.**

Dao next cites several unpublished district court opinions to support her assertion that MDOC defendants may demand copying fees from prisoners when responding to requests for production under Federal Rule of Civil Procedure 34. ECF No. 62, PageID.566-567. Because of those opinions, the Court finds that her original demand for copying fees from Herman was not made in bad faith. But problematically, Dao continues to insist that MDOC defendants have the right to demand copying fees for document production.

Dao used this heading in her response to the order to show cause: "Defendants' Right to Request Copying Fee for Produced Documents in Discovery." ECF No. 62, PageID.566. By continuing to assert that MDOC defendants have that right, Dao ignored Supreme Court precedent this Court cited in its show cause order. ECF No. 59, PageID.400. This Court cited *Oppenheimer Fund, Inc. v. Sanders*, which said that "the presumption is that the responding party must bear the expense of complying with discovery requests." 437 U.S. 340, 351 (1978); *see also Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 261 (4th Cir. 2013) (same). *Oppenheimer* explained that a responding party "may invoke the district court's discretion under Rule 26(c) to grant orders protecting him

from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." 437 U.S. at 351; *see also Med. Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 97 n.9 (S.D. Ohio 2013) (same). Dao secured no protective order allowing her clients to condition producing documents on Herman's payment of costs. Thus, under *Oppenheimer*, the MDOC defendants must bear the expense of complying with discovery requests. 437 U.S. at 351.

Dao's response did not make a credible case for disagreement. She cites only unpublished district court opinions to support her claim that MDOC defendants have a right to charge prisoners before responding to Rule 34 document requests. ECF No. 62, PageID.567-570. True, some of those district court opinions cited two Sixth Circuit opinions, but those Sixth Circuit opinions are inapplicable. First, in *Johnson v. Hubbard*, rather than addressing document production under Rule 34, the court held that "there is no constitutional requirement to waive costs of transcripts, expert witness fees, and fees to secure depositions." 698 F.2d 286, 289 (6th Cir. 1983).

The second Sixth Circuit opinion, *Smith v. Yarrow*, also made no reference Rule 34 document production. 78 F. App'x 529 (6th Cir. 2003). Rather, *Smith* said that "[a] prisoner plaintiff proceeding *in forma*

*pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts." *Id*. at 544. In support, *Smith* first cited *Johnson*, which as noted did not address Rule 34 document production. *Id.* *Smith* next cited *Giles v. Tate*, another opinion that did not involve Rule 34 document production. 907 F. Supp. 1135, 1137-38 (S.D. Ohio 1995). The court in *Giles* addressed whether a prison's photocopying policies denied prisoners meaningful access to the courts. *Id.* ("The preceding case law indicates that although a prisoner does not have an unlimited right to free copying, some reasonable means of access to a photocopy machine will be necessary to protect an inmate's right of access to the courts.").

At bottom, neither *Johnson* nor *Smith* support a finding that prisoners must pay for copies of documents produced by MDOC defendants under Rule 34. And because *Smith* is unpublished, it lacks precedential value. *See Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 944 (6th Cir. 2020) (noting that unpublished cases are not binding). The Supreme Court established in *Oppenheimer* that, under Rule 34, producing parties must bear the expense of the production absent a protective order. 437 U.S. at 351. Dao insistence to the contrary is unreasonably obstinate.

**E.**

Dao lastly asserts that her objections to producing misconduct hearing records and investigative reports resulted from Herman's overly broad requests. ECF No. 62, PageID.571-573. To make this argument, Dao addresses a single objection—overbreadth—conspicuously sidestepping the Court's concern about her overall pattern of frivolous and evasive objections. Before addressing Dao's other baseless objections, the Court will first explain why Dao's objections to the breadth of Herman's requests also lacked merit.

***1.***

Dao said that she interpreted the "plain language" of two document requests as "requests as for ALL hearing investigations for all misconducts written at the facility on 10/8/2024, without limitation to Plaintiff." ECF No. 62, PageID.571-572. One request was for "[h]earing investigation packet for misconducts written on 10/8/2024," which was the date of the incident at issue. ECF No. 53, PageID.343. Another request was for "[a]ny and all official reports, investigations, and witness statements that [ ] the prison produces when there is a use of force pursuant to policy set in place at RGC on 10/8/2024." *Id.*, PageID.354. These requests were inartfully written, as is often the case with pro se plaintiffs.

But a pro se litigant's discovery requests must be liberally construed. *Pough v. DeWine*, No. 2:21-CV-00880, 2024 WL 415490, at *2 (S.D. Ohio Feb. 5, 2024), *objections overruled,* 2024 WL 3461374 (S.D. Ohio Mar. 19, 2024) (collecting cases); *Alli v. Savitz, Est. of*, No. CIV. A. 07-CV-10670, 2008 WL 3915147, at *1 (E.D. Mich. Aug. 20, 2008). In *Burks v. Washington*, the plaintiff requested "'any and all investigations that were conducted. Specifically[,] any and all reports of these investigations that also include: INTERNAL AFFAIRS investigation, CRIMINAL investigation[,] or any other documents that were generated during this incident.'" No. 19-CV-10027, 2023 WL 2612607, at *9 n.6 (E.D. Mich. Mar. 23, 2023). The court rejected the defendants claimed confusion over whether particular recordings had to be produced, finding that "Plaintiff clearly requested discovery related to the criminal investigation into the rape." *Id*.

Herman clearly sought for defendants to produce the misconduct hearing packet and investigative reports concerning the October 8, 2024, incident that led to the alleged excessive force and his alleged misconduct. His motion to compel explained that he wanted to discover witnesses to that incident. ECF No. 53, PageID.319.

And Dao's blanket objection to producing the relevant misconduct records and investigative reports would have been improper even if

Herman's requests were read more broadly. When "a discovery request is overbroad, the responding party must explain the extent to which it is overbroad and answer or respond to the extent that it is not—and explain the scope of what the responding party is answering or responding to." *Sterns v. CitiMortgage, Inc.*, 349 F.R.D. 620, 625 (N.D. Tex. 2025). So even though Herman's requests were inartfully written, Dao was not justified in withholding the highly relevant misconduct packet and investigative reports about the events described in the complaint.

What's more, Dao's overbreadth objections were boilerplate in that they failed to "state with specificity the grounds for objecting," as required by Rule 34(b)(2)(B). ECF No. 53, PageID.344. Dao acknowledged in her response that she used boilerplate objections. ECF No. 62, PageID.563. "Boilerplate objections are legally meaningless and amount to a waiver of an objection," a point that this Court made in the show cause order. ECF No. 59, PageID.393 (quoting *Siser N. Am., Inc.*, 325 F.R.D. at 209-10); *see also Davis v. Am. Highwall Mining, LLC*, 570 F. Supp. 3d 491, 495 (E.D. Ky. 2020) ("[A] boilerplate objection has no legal effect."). In sum, Dao's boilerplate overbreadth objection cannot validate her objection to producing documents that MDOC defendants routinely produce.

Because Dao's primary opponents are pro se prisoners, the Court is troubled that she would exploit the unskilled wording of discovery requests to withhold relevant discovery. And as noted, Dao has attempted to recast the Rule 26(g) issue as a good-faith dispute about the breadth of his requests, while conspicuously ignoring the many other frivolous and evasive objections the Court identified.

***2.***

After Doa's boilerplate objection, she next wrote, "Further objection, remaining Defendants are not the keeper of records and would not have access to all reports, investigations, and witness statements of any and all misconducts at the facility." ECF No. 53, PageID.344. Dao's third objection was, "insofar as there is a safety and security concern with providing information pertaining to prisoners other than the Plaintiff to an incarcerated prisoner proceeding *pro se*. *As an incarcerated prisoner, Plaintiff is prohibited from possessing such information*." ECF No. 53, PageID.343 (emphasis added). Doa did not defend these objections in her response and now admits that MDOC defendants routinely produce misconduct and investigative documents. ECF No. 62, PageID.571.

Despite the routine production of those documents, Dao's next gobsmacking objection was that Herman's "uses of 'hearing investigation

packet', 'misconducts', and 'written on', *are vague and would require the Defendants to speculate as to their meaning.*" ECF No. 53, PageID.344 (emphasis added). She later made the same vagueness objection to "any and all," "official reports," "investigations," "prison produces," "when there is a use of force," and "pursuant to policy set in place at RGC." *Id.*, PageID.355. Again, Dao did not defend her ludicrous vagueness objection in her response to the show cause.

Dao also asserted that "such internal investigation reports are protected personnel records pursuant to the Corrections Act and exempted from public disclosure by statute." *Id*. But as noted in the show cause order, Michigan law exempts personnel records of corrections employees from disclosure under the state's freedom of information act. ECF No. 59, PageID.401 (citing Mich. Comp. Laws § 791.230a). It simply cannot be denied that "disciplinary records of officers sued for alleged misconduct are discoverable in a civil lawsuit under Rule 26(b)(1)."[1] *Id*. Dao offered no defense for this contrived objection.

[1] In support, the Court cited *Sanford v. City of Detroit*, 355 F. Supp. 3d 619, 622 (E.D. Mich. 2019); *Schuh v. Clayton*, No. 20-10468, 2021 WL 3489695, at *7 (E.D. Mich. Aug. 9, 2021); *Linden v. City of Detroit*, No. 2:19-CV-13684, 2021 WL 2525438, at *2 (E.D. Mich. June 21, 2021).

## III. Conclusion

Dao concluded her response to the show cause order by "admitting the objections were overly boilerplate and should have been more specifically tailored," but denying that she made "frivolous objections to evade the production of basic discovery in violation of Rule 26(g)." ECF No. 62, PageID.573. As described above, she drew that conclusion by engaging in more evasions:

- Dao exploited the inartful wording of Herman's requests to object to producing the misconduct hearing records and investigative reports related to the allegations in his complaint.
- Dao danced around her objections that defendants were not the keepers of the documents that she now admits MDOC defendants routinely produce.
- Doa glossed over her patently false claim that, because of safety and security concerns, prisoners are "prohibited from possessing" the type of records and reports that she now admits are routinely produced.
- Doa brushed aside her bogus reliance on Michigan's FOIA law to object to those routinely produced records and reports.

- And Doa ignored her ludicrous claims of vagueness with respect to terms that are common in prison settings.

The Court finds that Dao violated Rule 26(g) and she has continued to engage in evasions in response to the show cause order. Thus, the Court **ORDERS** Dao to pay a fine of **$500.00 payable to the Clerk of the Court** by **September 18, 2026.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 21, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager